## THE BOARD OF SUPERVISORS OF DICKINSON COUNTY v. GEORGE WARREN.

*Board of supervisors—Current expenses of county—Raising money.*

A board of supervisors has no power under How. Stat. § 483, subd. 7 and 10, to borrow the money necessary to defray the current expenses and charges of the county, but the same must be raised by taxation.

*Mandamus.* Argued December 6, 1893. Denied December 13, 1893.

Relator applied for *mandamus* to compel respondent, as chairman of the board of supervisors, to execute certain bonds. The facts are stated in the opinion.

*A. C. Cook,* for relator.

*F. J. Trudell,* for respondent.

McGRATH, J. This is an application to compel the respondent, who is chairman of the board of supervisors, to execute bonds amounting to $30,000, to defray the current

expenses of Dickinson county, the issue of which has been ordered by the board. The real purpose of the issue is to meet the pressing demands for relief of the poor of that county; but the question is one of power, and not one of sentiment, however much the necessities of the case may appeal to us.

The first, second, and sixth subdivisions of How. Stat. § 483, empower boards of supervisors to purchase the necessary real estate for the erection of buildings for the support of the poor, and for a farm to be used in connection therewith; to purchase the necessary real estate for court-house, jail, clerk's office, or any other county building; and to cause to be erected the necessary county buildings. The seventh subdivision of said section is as follows:

"To borrow or raise by tax upon such county any sums of money necessary for any of the purposes mentioned in this act: *Provided*, that no greater sum than one thousand dollars shall be borrowed or raised by tax in any one year, for the purpose of constructing or repairing public buildings, highways, or bridges, unless authorized by a majority of the electors of such county voting therefor as hereinafter provided."

Subdivision 10 is as follows:

"To direct and provide for the raising of any money which may be necessary to defray the current expenses and charges of said county, and the necessary charges incident to or arising from the execution of their lawful authority, subject to the limitations prescribed in this act."

It is evident from these provisions that, for the purposes named in subdivisions 1, 2, and 6, the supervisors were empowered, by subdivision 7, to borrow or raise by tax the necessary funds, subject to the limitation therein expressed. No other subdivision grants the power to provide the means for carrying out these purposes. Subdivision 10 re-

98 Mich.—10.

lates only to current and contingent expenses, and does not confer the power to raise moneys for the purposes named in subdivisions 1, 2, and 6.   This subdivision has no office unless it is expressive of a particular intent of the Legislature.   It is not to be presumed that the Legislature intended any part of this statute to be without meaning, and it is also a well-settled rule of construction that specific provisions relating to a particular subject must govern in respect to that subject, as against general provisions in other parts of the statute, which might otherwise be broad enough to include it.   The grant of power to borrow or raise by tax any sums of money necessary for any of the purposes of the act would include all the purposes of the act, and the grant of power to provide for the raising of the money necessary for current and contingent expenses is entirely superfluous, unless by the latter grant the Legislature intended to limit the power to provide for current and contingent expenses to the method therein prescribed.   The words "raise," "raised," and "raising" occur frequently in our statutes relative to providing the necessary funds for public uses, and in that connection they are always associated with the subject of taxation.   Not only do the phrases "raised by tax," "raise annually by taxation," "all taxes raised," and similar clauses, appear times without number, but the word "raise," without qualifying words, is frequently employed in grants of authority to provide the necessary funds for public use in cases where the intent to prescribe the method in which the power is to be exercised, viz., by taxation, is so clearly obvious that the word may be said to have acquired a clearly defined meaning when used in that connection. We are of opinion, therefore, that when the Legislature made special provision for "the raising of any money which may be necessary to defray the current expenses and charges of said county," it was the intention to except such

purposes from the operation of subdivision 7, and provide that the necessary funds for this class of expenses should be raised by taxation. We find further warrant in arriving at this conclusion in the fact that this is the construction which, in practice, this subdivision has received since its adoption in 1859.

The writ must therefore be denied.

The other Justices concurred.